UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DAVID HOUSTON,

                                                     **VERIFIED COMPLAINT**
         Plaintiff,                              **AND DEMAND FOR**
                                                      **A JURY TRIAL**

   -against-

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
MAIRA MENDEZ, SHIELD # 05019
SUED INDIVIDUALLY AND IN
HER OFFICIAL CAPACITY,

                            Defendants.

------------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiffs' rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff is a resident of New York County, New York City in New York State.

4. At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the

1

scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## **FACTS**

9. On or about December 17, 2016, at approximately 10:10 P.M., Plaintiff was in the vicinity of E. 138th Street and Brook Avenue, Bronx, New York.

10. At that time, he was with his girlfriend Samantha, and his young daughter Madisyn, whom he was pushing in a stroller.

11. The three of them entered the subway system together, with Samantha swiping both herself and plaintiff into the system using two metrocards. Plaintiff then exited through the exit gate with his child in the stroller.

12. Defendant officer then accused the plaintiff of fare evasion.

13. Samantha immediately explained to the officer that she swiped two cars, one for herself and the other for plaintiff. Samanatha gave the metrocards to the defendant officer for the officer to

verify that both had just been used.

14. The defendant officer unreasonably failed to check the cards to see if they were utilized and proceeded to arrest plaintiff for fare evasion and trespass.

15. Plaintiff was incarcerated for approximately twenty four hours before being released at arraignment. Plaintiff provided his defense counsel with the metrocards as proof that he had paid to enter the subway system.

16. On March 13, 2017, all charges against Plaintiff were dismissed upon the motion of the district attorney.

17. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiffs, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

18. Defendant City knew or should have known that prior to December 17, 2016, of the perpetration of unlawful arrests and other unlawful acts by the defendant was occurring, in that, upon and information and belief, there were prior reports of such unlawful conduct by this specific officer.

19. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## FIRST CAUSE OF ACTION FOR
## VIOLATION OF CIVIL RIGHTS

(FALSE ARREST)

20. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

21. As a result of their actions. Defendants, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

22. Defendant subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs rights would be violated by his actions.

23. As a direct and proximate result of the acts of Defendants, Plaintiff suffered great pain and mental suffering, and was deprived of his physical liberty.

## SECOND CAUSE OF ACTION
## FOR VIOLATION OF CIVIL RIGHTS

24. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

25. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

26. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendants, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer and The City of New York for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated:   New York, New York
         August 1, 2018

                                      RESPECTFULLY,

                                              /s/

                                    STEVEN A. HOFFNER, ESQ.
                                    Attorney for the Plaintiff
                                    325 Broadway, Suite 505
                                    New York, New York 10007
                                    Tel:   (212) 941-8330
                                    Fax:  (646) 810-4031
                                    (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       August 1, 2018

                                                     _____/s/_____
                                                     STEVEN A. HOFFNER, Esq.